# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:01cr186

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RANDY FALLS. | ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion to Amend or Correct Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 50] and the Defendant's *pro se* Motion to Request Status of Motion to Amend or Correct Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 52].

In September 2001, the Defendant was charged with conspiracy to possess with intent to distribute cocaine base and possession of a firearm by a convicted felon. [Doc. 3]. At the time of his indictment, the Defendant was in state custody on drug charges, although he had not yet been sentenced. [Doc. 6]. The Defendant was transferred to federal custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum* in

September 2001. [Doc. 8]. In December 2001, he entered into a plea agreement with the Government pursuant to which he plead guilty to both federal charges. [Doc. 22]. Although the record does not so disclose, the Defendant alleges that in October 2002, he was returned to state custody where he was sentenced to a term of imprisonment for drug charges. [Doc. 50].

At some point prior to April 2003, the Defendant was returned to federal custody. He was sentenced in April 2003 to 188 months imprisonment on the conspiracy count to run concurrently with a 120 month sentence on the second count, possession of a firearm by a convicted felon. [Doc. 206].

The record shows that the Defendant was delivered to the Federal Correctional Facility in Butner, North Carolina on August 19, 2003, to begin serving his federal sentence. [Doc. 44]. The Defendant explains that this was done in error and that he was returned to state custody in October 2003. [Doc. 50]. Meanwhile, the United States made a Rule 35 motion based on subsequent substantial assistance. [Doc. 45]. That motion was granted and the Defendant's sentence on Count One was reduced to 120 months imprisonment to run concurrently with his 120 month sentence on Count Two. [Doc. 46].

Both the Defendant and the Probation Office advise that he was released from state custody in September 2005 at which time he began serving his federal sentence. [Doc. 54]. In November 2007, the Defendant filed this *pro se* motion asking that his federal sentence be amended to show that it was meant to have run concurrently with his state sentence. Sometime thereafter this matter was reassigned to the undersigned for disposition.

The judgment of conviction in this case does not mention the Defendant's state court sentence and whether the sentence in this case is to run concurrently or consecutively thereto. Defendant argues that he is entitled, as a matter of law, to have his federal sentence designated to run concurrently with his state sentence.

First, Defendant cites to the cases that stand for the proposition that if there is a discrepancy between the sentence as announced in court and the sentence as set out in the judgment that it is the sentence announced in court that prevails. While this is an accurate recounting of the law, there is nothing in the record in this case to support the implied assertion that the sentence announced in open court called for it to run concurrently with the Defendant's state sentence. As a result, no relief is available to the Defendant for this reason.

3

Next, Defendant cites to cases standing for the proposition that unless the court clearly pronounces otherwise, that sentences are presumed to run concurrently. The statute is clear, however, that multiple terms of imprisonment are presumed to run concurrently if "imposed at the same time." 18 U.S.C. §3584(a). The statute goes on to say, however, that "[m]ultiple terms of imprisonment *imposed at different times* run consecutively unless the court orders that the terms are to run concurrently." Id. (emphasis added). Since the Defendant was sentenced as to state matter in October 2002, and then sentenced in to this matter in April 2003, the fact that the judgment is silent as to whether the sentences are to be concurrent or consecutive must be construed to mean that the sentence herein is to be consecutive to the prior state sentence. See, United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006).

It is undisputed that the Defendant was in state custody at the time he was indicted and that he was transferred into federal custody in order for that indictment to be prosecuted.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of

4

> computing [Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

Ruggliano v. Reish, 307 F.3d 121, 125 n.1 (3rd Cir. 2002), *abrogated on other grounds by Application Note 3(e) to U.S.S.G. §5G1.3*; *accord*, United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008); United States v. Fermin, 252 F.3d 102, 108 (2nd Cir. 2001); United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); Martin v. Lamanna, 2009 WL 690686 (D.S.C. 2009) ("Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence."); Hines v. Schult, 2009 WL 384043 (N.D.N.Y. 2009). See also King v. Federal Bureau of Prisons, 285 Fed.Appx. 2 (3rd Cir. 2008), *certiorari denied* 129 S.Ct. 451, 172 L.Ed.2d 309 (2008), *citing* United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); United States v. Casas, 425 F.3d 23, 67 (1st Cir. 2005), *certiorari denied sub nom* Casas v. United States, 547 U.S. 1061, 126 S.Ct. 1670, 164 L.Ed.2d 409 (2006); United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) (a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees

to designate the state facility for service of the federal sentence."). Nothing in the record indicates that the Attorney General or the Bureau of Prisons ever designated the state facility where the Defendant was housed as a facility for the service of Defendant's federal sentence.

Although the Defendant claims that his federal sentence was intended to run concurrently with the state sentence, it was not so designated in open court, in the judgment or administratively. For these reasons the Defendant is not entitled to the relief sought.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion to Amend or Correct Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 50] and the Defendant's *pro se* Motion to Request Status of Motion to Amend or Correct Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure [Doc. 52] are hereby **DENIED**.

Signed: June 15, 2009

Martin Reidinger
United States District Judge