# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 3:01cr186

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RANDY FALLS. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Amend Judgment [Doc. 61].

The Defendant moves pursuant to Rule 36 of the Federal Rules of Criminal Procedure for the Court to amend his Judgment and run his federal sentence concurrent with his previously imposed state sentence. The Defendant filed a motion seeking identical relief in 2007, which the Court denied. [See Order, Doc. 56]. The Defendant renews his request, this time arguing that U.S.S.G. § 5G1.3(b) required that the Court to run these sentences concurrently. The Defendant is incorrect in his assessment.

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively .... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to

run concurrently." 18 U.S.C. § 3584(a). The Sentencing Guidelines likewise instruct that a sentencing court may run a federal sentence concurrently with an undischarged state sentence only where the state offense constituted relevant conduct and served as a basis for an increase in the Defendant's offense level. U.S.S.G. § 5G1.3(b). In the present case, the offense for which the Defendant was convicted in state court in October 2002 was not relevant conduct to the instant federal offenses, and thus his offense level was not increased on the basis of this conduct. As such, § 5G1.3(b) is inapplicable to the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Amend Judgment [Doc. 61] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 26, 2011

Martin Reidinger
United States District Judge